MOUNTAIN STATES MUTUAL CASUALTY COMPANY, Appellant,

v.

William Henry BARSH, II, Appellee.

No. 21099.

United States Court of Appeals
Fifth Circuit.

April 8, 1964.

O. F. Jones, III, Jones, Boyd, Westbrook & Lovelace, Waco, Tex., for appellant.

J. Robert Sheehy, Richey, Sheehy, Teeling & Cureton, Waco, Tex., for appellee.

Before TUTTLE, Chief Judge, and RIVES and WISDOM, Circuit Judges.

RIVES, Circuit Judge:

Appellant, Mountain States, filed this suit for declaratory judgment, seeking a holding that under its Policy No. TAC 1502, issued to Appellee, Barsh, on or about August 2, 1962, it had no liability with respect to an automobile accident that occurred on or about September 30, 1962 in Tyler, Smith County, Texas.

The policy in question insured a 1956 International tractor and a 29-foot flatbed trailer. Barsh's agent and employee was driving a 1955 Chevrolet tractor towing a 1957 Cadillac house trailer when the accident occurred. Barsh claimed that he was entitled to insurance protection for claims asserted against him by the other parties to the automobile accident.

The case was submitted to the district court without a jury on the pleadings, stipulated facts and briefs. The district court denied Mountain States the relief sought, and held that the policy extended to and covered the nondescribed 1955 Chevrolet truck and the hired 1957 Cadillac house trailer and that Mountain States was obliged to extend all benefits of the policy to Barsh with regard to defense of the claim and payment of any judgment rendered. This appeal followed.

Mountain States' policy issued to Barsh on August 2, 1962, provided liability insurance for a 1956 International Tractor and a 29-foot single action, flatbed trailer, neither of which were involved in the accident of September 30, 1962. Barsh's contention is that Endorsement No. 65, "Hired Automobiles," attached to Mountain States' policy provided coverage for the trailer involved in that collision.

At the time of the issuance of Mountain States' policy, Barsh also owned a Chevrolet two-ton tractor which was insured by another company, Miller's Mutual Fire Insurance Company of Texas. For about a year he had been renting a 1957 Cadillac house trailer used for living quarters for employees when his construction jobs took him away from Waco, his home office.

On Sunday, September 30, 1962, an employee of Barsh was driving Barsh's Chevrolet tractor towing the Cadillac house trailer to one of Barsh's construction jobs at the Army Reserve Center in Marshall, Texas. He had reached a point on the outskirts of Tyler, Texas, some 135 miles from Waco, when the Cadillac house trailer broke loose from the Chevrolet tractor and, after careening across the road, collided with an automobile occupied by Mr. and Mrs. R. V. Evans.

The Evanses made claim against Barsh for personal injuries and property damage sustained in the collision. The Miller's Mutual policy on the Chevrolet tractor contained no "Hired Automobiles" endorsement or other provision which would cover the rented Cadillac house trailer. The question is whether coverage to that trailer is provided by the "Hired Automobiles" endorsement attached to Mountain States' policy.

The blanks in the "Hired Automobiles" endorsement were not filled in, but we will assume that those blanks were intended to be filled in as favorably as possible to the insured Barsh. In pertinent part it provided: "This endorsement forms a part of Policy No. . . . . . . . . . . . etc."

"It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability, for Property Damage Liability and for Basic Medical Payments applies with re-

spect to hired automobiles, subject to the following provisions:

"1. *Definitions.* The words 'hired automobile' shall mean a land motor vehicle, trailer or semitrailer used under contract in behalf of, or loaned to, the named insured * *."

Thus the endorsement extends to "hired automobiles" "such insurance as is afforded by the policy."

By the policy, Mountain States "agrees with the insured, named in the declarations made a part hereof, in consideration of the payment of the premium and in reliance upon the statements in the declarations and subject to the limits of liability, exclusions, conditions and other terms of this policy." There is thus no basis for Barsh's contention that the "hired automobiles" endorsement affords insurance coverage under the policy without any consideration of the "Exclusions" contained in the policy. One of those "Exclusions" provides that: "This policy does not apply: * * * while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company; or while any trailer covered by this policy is used with any automobile owned or hired by the insured and not covered by like insurance in the company." Plainly, the policy and the endorsement did not apply unless both the tractor and the trailer were covered by like insurance in the same company.

As an alternative contention, Barsh argues that the definition of "hired automobile," which has been quoted, includes "trailer," and, hence, that the trailer involved in the collision should be treated not as a trailer but as an automobile. That construction is too strained. The definition evidences no intent to convert the trailer into an automobile. The two are treated as separate entities throughout the policy and the endorsement. The definition of "automobile" in Part IV of the "Insuring Agreements" of the policy contains within it a subparagraph captioned "Trailer" and including within the coverage "a trailer not described in this policy, if designed for use with a private passenger automobile, and if not being used for business purposes with another type automobile." The trailer involved in the collision was being used with the tractor for business purposes. We think that the parties clearly intended the trailer to be treated as a trailer, and as such that it was not covered by the policy as a "hired automobile" or otherwise at the time of the collision.

Barsh's counsel cites no authority and states "that after a thorough search he can find no specific authority on this point, and none is cited in Appellant's brief." Accepting that statement at face value, we have measured Barsh's contentions by the terms of the policy and endorsement, and find that Mountain States' obligations do not include the defense of Barsh against the claims asserted by the Evanses, or payment of or indemnification against such claims. The judgment is therefore reversed and the cause remanded with directions to enter judgment for Mountain States.

Reversed and remanded with directions.